UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C&G WELDING, INC. | CIVIL ACTION |
| VERSUS | NO: 17-5014 |
| ALLEN SMITH, JR. | SECTION: "H"(3) |

## ORDER AND REASONS

Before the Court is Defendant Alan Smith, Jr.'s Motion to Dismiss (Doc. 5). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This action arises from injuries that Defendant Allen Smith, Jr. suffered to his lower back and shoulder. Plaintiff C&G Welding, Inc. ("C&G") alleges that Defendant worked as an oiler for Plaintiff, and that Defendant claims to have been injured while working for Plaintiff in service of the M/V SWING THOMPSON on June 30, 2016.[1] Plaintiff alleges that Defendant demanded maintenance and cure benefits from Plaintiff. Plaintiff has paid maintenance

---

[1] Doc. 1 at 2.

1

since the demand, and has paid some, but not all, cure invoices. Plaintiff further alleges that Defendant injured his lower back in 2006 while working for another employer, filed a suit relating to that injury, and failed to disclose the injury to Plaintiff in 2012 when Defendant applied for his job.[2]

Plaintiff seeks a declaratory judgment that Defendant is not entitled to maintenance and cure benefits from Plaintiff.[3] Defendant now stipulates that "he is not seeking maintenance and cure from the named Plaintiff, and is owed none," and moves to dismiss Plaintiff's complaint for lack of an actual controversy.[4] Plaintiff submits no opposition to the Motion.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The Court need not, however, accept as true legal conclusions couched as factual allegations.[8]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[2] Doc. 1 at 2–3.
[3] Doc. 1 at 4.
[4] Doc. 5-1 at 1.
[5] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[6] *Id.*
[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Id.*

2

will not suffice.[10] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[11]

## LAW AND ANALYSIS

The Declaratory Judgment Act allows a federal court to issue a declaratory judgment "[i]n a case of actual controversy."[12] Whether an action for declaratory judgment has become moot depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment."[13]

Here, Defendant has stipulated on the record that he does not seek maintenance and cure benefits.[14] Because this was the only issue on which Plaintiff sought a declaratory judgment, there remains no controversy at all.[15]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

---

[10] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[11] *Lormand*, 565 F.3d at 255–57.
[12] 28 U.S.C. § 2201(a) (2012).
[13] Connell v. Shoemaker, 555 F.2d 483, 486 (5th Cir. 1977) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).
[14] Doc. 5-1 at 2.
[15] *Cf.* Janssen Pharmaceutica, N.V. v. Apotex, Inc., 540 F.3d 1353, 1360 (Fed. Cir. 2008) (holding that defendant's stipulation that a patent was valid destroyed the court's jurisdiction over a declaratory action as to the patent's validity).

New Orleans, Louisiana this 24th day of October, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**